Walker vs. Seymour.

---

## ISAAC WALKER vs. JESSE SEYMOUR.

1. Courts should not award a repleader, unless the ends of justice require it.

2. Defendant leased to plaintiff, for twelve months, a hotel, the rent to be paid monthly— amongst other things, plaintiff covenanted to have certain work done about the house after the first month's rent was received. This was not done. At the end of the year, in accordance with a stipulation in the lease, the lease was renewed for two years; the new lease contained a covenant to have the same work done. Held, that the renewal of the lease with a new covenant to do the same work stipulated for in the first, was not a waiver of the damages sustained by plaintiff by reason of a breach of the covenant in the first lease.

## APPEAL from the St. Louis Circuit Court.

### STATEMENT OF THE CASE.

This is an appeal by Walker from a judgment rendered by the St. Louis circuit court. Seymour, plaintiff below, brought covenant against Walker on an indenture of lease dated 9th March, 1844, wherein Walker leased to Seymour the Missouri Hotel in St. Louis, for one year, the term to commence on 1st April, 1844, for a rent of 150 dollars per month, payable on the first day of each month, with an agreement to renew the lease for two further years at the rent of two thousand dollars a year. The lease, which is signed by both parties, contains a covenant in these words, "And it is agreed that said Walker is to have the north end of the stone house rough cast, after the first month's rent is received by Walker." There were two counts in the declaration, on this lease, the first alleging the making of the instrument of that date, and setting it forth, and averring that by it the defendant agreed with the plaintiff, "that he, the defendant would repair or cause to be repaired at his own proper cost and expense, the said tenement, public house or hotel aforesaid, and that he would have the north end of said hotel rough cast after the first month's rent should be paid by said plaintiff to said defendant." The breach of the first count is for not repairing said tenement or hotel, and for not having it rough cast, according to the true intent of said indenture. The second count, after an imperfect averment of the making of an indenture, gives the instrument in haec verba. But this count does not allege that the defendant covenanted or agreed thereby to do anything. It merely says that such an instrument was made between them, and then copies it, and then proceeds to assign a breach, that the defendant neglects and refuses "to make the repairs, and to have the north end of said stone building rough cast, according to the terms and agreement in said indenture contained," &c. The record then states that oyer was craved by defendant, and the instrument then is spread out, and the defendant pleads six pleas, to-wit:

1st. Non est factum to 1st count.

2d. To the 1st count, that Seymour did not pay the first month's rent within the time specified, nor did Walker receive.

3d. To 1st count, that defendant did repair said public house, and have it rough cast according to the true intent, &c.

4th. To second count, non est factum.

5th. To second count, that Seymour did not pay nor Walker receive the first month's rent within the time, &c.

6th. That defendant did have the north end of said stone house rough cast, &c.

Walker vs. Seymour.

Afterwards several additional pleas were filed, viz :

1st. Additional pleas "as to so much of said first count as relates to damages sustained by plaintiff for the failure of the defendant to have the north end of said house, called a hotel, rough cast" This plea alleges an indenture made between said parties on the 24th April, 1845, whereby Walker leased to Seymour same premises, for two years, commencing on 1st April, 1845, and warranted to have the north end of said stone house rough cast, after the first month's rent should be paid, which was the same work mentioned in the count, &c., and that the first month's rent was paid, and thereafter, as soon as could be, Walker caused the work to be done, and avers it to be "the same work mentioned in the introductory part of said plea," and then the plea alleges that the plaintiff had waived the performance of said defendant's covenant, to have the north end of said house rough cast, and had given further time for the performance of the same, and rested the performance thereunder.

2d. Additional plea is the same as the foregoing, but is to the second count.

3d. Additional plea is to the second count, and alleges that by the said renewed lease the plaintiff released the defendant from all liability for damages for failing to have the north end of said house or hotel rough cast.

4th. Additional plea is to the *first* count, and alleges that by said renewed lease, he, the said Seymour, released the defendant from all liability for damages for failing to have the north end of said house or hotel rough cast.

Replications were filed as follows:

The first additional plea, that the said renewed lease or indenture was not made and delivered for the purpose of satisfying and discharging the several covenants in plaintiffs declaration mentioned, and that the plaintiff never agreed to extend the time for the performance of said covenants nor to waive their performance.

The replication to the second additional plea is that "the work mentioned in said plea as having covenanted to be done by said defendant in a certain indenture mentioned in said plea is not the same work covenanted to be done as alleged in the second count of said declaration."

The replication to the third and fourth additional pleas is that the plaintiff "never made any indenture by which he released or discharged the said defendant from the fulfilment of his covenants, nor did he waive the performance of the same."

Demurrers were filed to each of the replications to the 1st and 2d additional pleas, and a joint demurrer to the replications to the 3d and 4th additional pleas, which last also assigned special causes of demurrer.

The demurrer was sustained to the replication to the first additional plea and leave given to amend, and a new or amended replication filed thereto, whereby he averred that plaintiff did not waive the performance of defendant's covenant in first count mentioned to have the north end of said house rough cast by virtue of any lease or indenture in said plea mentioned.

The demurrers to the other replications were overruled.

A trial was had and all the issues were found for the plaintiff. On the trial the indenture of lease was given in evidence as also the renewed lease, and there was oral testimony that the north end of said hotel was not rough cast during the first year, though the plaintiff paid his rents punctually; but that immediately on payment of the first month's rent of the second year the defendant caused it to be done; that he spoke to the mechanic who did it to do it in May or June, 1844, but the witness did not and would not do it, as no proper sand could be got for such work that season. The north end of the building was partly brick and partly stone. It appears that the north end was upon an unfrequented street, and the failure to rough cast was of no injury in any way except as to the appearance.

The defendant asked the court to instruct the jury as follows, which instruction was refused and an exception taken to the refusal.

"That if the jury find from the evidence that the work covenanted to be done by said Walker on the house leased to said Seymour by the second lease, is the same work covenanted to be done in the first lease, they must find for the defendant, on the issue joined on the repli-

Walker vs. Seymour.

cation of the plaintiff to the first additional plea of the defendant to the second count of the declaration."

The court gave the following instructions :

"The jury must find for the defendant on the first plea of the defendant to the first count of the declaration.

"2d. That the renewed lease read in evidence by defendant is no release or discharge or waiver of the plaintiffs right of action upon the covenant of defendant to repair.

"3d. That the plaintiff's covenant does not extend to any repair to be done by rough cast-ing any other part of the north end of the hotel than that which was built of stone."

The record states that the defendant excepted to the giving of these instructions. This was undoubtedly true as to the 2d of them.

The defendant moved the court for a repleader, and for a new trial.

1st. Because the verdict was against law.

2d. Because it was against evidence.

3d. Against weight of evidence.

4th. That the court misdirected the jury.

5th. That the court refused instructions asked by defendant.

6th. That the court admitted incompetent evidence.

The motion for repleader was for the reason that the issue joined on the plaintiff's replica-tion to the first additional plea of the defendant to the second count of the declaration was an immaterial issue.

Both motions were overruled and exceptions taken to the action of the court therein.

Oyer was waived, but the instruments were not set out, either in defendant's plea or plain-tiff's replication, and therefore were not made part of the record.

1 Chitty's plead. 467–8, showing that when oyer is waived defendant may set it out in his plea, or not, as he pleases. In this case he did not do it.

## SPALDING and TIFFANY, for appellant.

I. The finding of the jury on the first issue to the first count was against law and evidence both, for there was a variance between the lease declared on and the one produced: and the instruction of the court was in favor of the defendant on that issue which the jury disre-garded. On this count the motion for a new trial was available. The variance is that the first count alleges that the lease declared on therein contained a covenant to *repair, or cause to be repaired,* the said hotel, but the lease produced contained no such covenant, and there-fore the court told the jury to find for defendant on that count.

II. The court ought to have given the instruction asked by the defendant, as it required the jury merely to find the issue referred to according to the evidence. If this issue was material the instruction should have been given.

III. The court ought to have awarded a repleader, if said issue was immaterial as the find-ing on it did not settle the right, and a proper interest on that plea found for defendant, would have availed to defeat the plaintiff on the count. In that plea he has averred that the plain-tiff had waived or released the covenant to rough cast the end of the house.

IV. The demurrer to the replication to the second additional plea ought to have been sus-tained; and indeed, the court so held it, when it refused to give the defendant's instruction asked in relation to the issue made by it on the ground that it was immaterial. And said de-murrer should have been sustained for another reason, which is all-sufficient that the second count is bad, containing no averment whatever that defendant covenanted anything, but merely gives a copy of the lease verbatim, and then assign breaches. Moore & Hunt vs. Platte county, 8 Mo. Rep. 467. This demurrer was not withdrawn by defendant.

V. The instruction that the second lease given in evidence was no waiver, or release, or discharge of the plaintiff's right of action should have been refused. The new lease was a

continuation of the first. It was stipulated for in it; and it gives a new time for doing the work, to-wit: as soon as the monthly rent should be paid, &c.

VI. New trial should have been granted for the reasons assigned when the motion was made.

VII. The second count did not contain any cause of action. It had no averment of any covenant made; it merely says that a certain instrument was made, and fails entirely to allege its legal effect.

BOWMAN, for appellee.

1. The judgment below was not erroneous—the verdict being abundantly sustained by the testimony in the case.

2. The judgment of the court below on the demurrer to 2d, 3d and 4th replications to defendant's pleas was not excepted to at the time, nor was the omission cured afterwards on the application for a new trial. It is now too late to object to the judgment.

10 Mo. Reports, 515.

3. The court did not err in refusing to grant a repleader—the replications are not very skillfully drawn, but they contain enough for purposes of substantial justice. The ground for the repleader urged below was that an *immaterial issue* had been made. Even, if so, all objection to the repleader had been waived, as defendant demurred to the same without demurring for that cause. But at all events, the court will not award a repleader unless it be necessary to effect substantial justice between the parties—Chitty's pleadings, vol. 1, 693—and there is nothing in this case to justify the court in awarding a repleader.

4. There is nothing in the case showing any good grounds for a new trial, nor did the court err in refusing it.

5. The court did not err in instructing the jury in regard to the effect of the *second lease*. There is nothing in that instrument which goes to show that either of the parties intended by any of its provisions to extend the time of performance or waive the plaintiff's right of action. The second lease was a renewal of the first pursuant to a covenant of renewal contained in the first lease. The kind of repair specified was of a nature to require its frequent renewal, and the jury had a right to infer that the parties intended to have the "rough cast" put on the second year as well as the first.

NAPTON, J., delivered the opinion of the court.

The facts of this case were these : Walker leased to Seymour the Missouri Hotel in St. Louis for a year from the 1st April, 1844, and among other things, covenanted in the lease that he would have the stone house rough cast after the first month's rent was received. This was not done, but at the end of the year, in accordance with another stipulation in the lease, a second lease was given to Seymour for two years more, and this contained the same covenant to rough cast the north end of the building. On the 17th April, 1845, Seymour commenced this action for the breach of the covenant in the first lease.

The pleadings in the case are fully set out in the statement drawn up by counsel, and I shall not repeat them. There was evidence before the jury of the damages likely to be occasioned by the want of the work

covenanted for, and their verdict was for the plaintiff for $270. The court instructed the jury that the taking of the second lease did not affect the question they were called upon to determine.

The whole case turns upon the point of law raised by this instruction.

The issue upon the replication to the first additional plea to the second count was immaterial, but the court is under no obligations to award a repleader unless the ends of justice require it. The instruction given settled the question of law for the plaintiff, and that question can as well be determined upon the instruction as upon the pleadings. It would be useless to send the case back if we concur with the circuit court in the second instruction given.

It is contended that the second lease gave the defendant until the expiration of the first month to set about repairing, and that this second covenant must be construed as a waiver of any damages sustained by reason of the first lease. We cannot assent to this reasoning. The fact that Seymour renewed his lease, with a new covenant to do the same work stipulated for in the first, might go to the jury as some evidence of the estimate placed by him on the extent of his damages, but it is not easy to construe such an act as a release or discharge. When the second lease had been taken, the covenant in the first was broken, and the right to damages fixed. This right might have been released or discharged, but the mere fact of taking another lease with another covenant to repair, did not produce this effect.

We shall let the verdict stand. Judgment affirmed.